Matter of Anais G. (Lionell M.) (2020 NY Slip Op 05452)





Matter of Anais G. (Lionell M.)


2020 NY Slip Op 05452


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Kapnick, J.P., Oing, Scarpulla, Shulman, JJ. 


Docket No. NA-34148/1 6 Appeal No. 11968 Case No. 2019-4891 

[*1]In re Anais G., a Child Under Eighteen Years of Age, etc., Lionell M. Respondent-Appellant, Administration For Children's Services, Petitioner-Respondent. 


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
James E. Johnson, Corporation, Counsel, New York (Cynthia Kao of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.



Amended order of fact-finding and disposition, Family Court, New York County (Emily M. Olshansky, J.), entered on or about May 2, 2019, which, to the extent appealed from as limited by the briefs, determined, after a hearing, that respondent father neglected the subject child, unanimously affirmed, without costs.
The finding of neglect is supported by a preponderance of the evidence (see Family Court Act § 1046[b][i] ). The record shows that respondent knew or should have known that the child was being abused and failed to take any action to protect her (see Matter of Gabriel J. [O'Neill H.], 99 AD3d 543 [1st Dept 2012], lv dismissed 20 NY3d 999 [2013]). Respondent testified that he frequently saw some type of bruise on the child and yet accepted the mother's excuses that the injuries were accidental. Respondent also testified that he did know where the child and her mother lived and was unaware of who cared for the child when the mother was unable to do so. Contrary to respondent's contention, his conduct cannot be deemed merely "undesirable parental behavior."
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020